UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VALERIE MCWHORTER,<br><br>        Plaintiff,<br><br>    v.<br><br>HARRISON MEMORIAL HOSPITAL, a<br>Washington nonprofit corporation,<br><br>        Defendant. | CASE NO. C07-5501BHS<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION<br>FOR SUMMARY JUDGMENT<br>ON PLAINTIFF'S STATE<br>LAW CLAIMS |

This matter comes before the Court on the Defendant's Motion for Summary Judgment (Dkt. 5). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein and hereby grants Defendant's Motion for Summary Judgment for the following reasons:

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v.*

ORDER – 1

1  *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific,
2  significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P.
3  56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence
4  supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions
5  of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v.*
6  *Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

7  The determination of the existence of a material fact is often a close question. The court
8  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –
9  e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec.*
10 *Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of
11 the nonmoving party only when the facts specifically attested by that party contradict facts
12 specifically attested by the moving party. The nonmoving party may not merely state that it will
13 discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial
14 to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.
15 Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be
16 presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

## II. DISCUSSION

18 Defendant "moves for summary judgment on the state law claims filed against it by
19 Plaintiff . . . because that claim is time-barred." Dkt. 5 at 1.  Plaintiff has asserted claims of
20 disability discrimination in violation of RCW 49.60. Dkt. 1.  Washington State courts have held
21 that the three-year statute of limitations contained in RCW 4.16.080(2) applies to causes of
22 action brought under RCW 49.60. *Douchette v. Bethel School Dist. No. 403*, 117 Wn.2d 805, 809
23 (1991); *Milligan v. Thompson,* 90 Wn. App. 586, 591 (1998).  Plaintiff agrees that a three-year
24 statute of limitations applies to her state law claims.  Dkt. 9 at 3.

25 Plaintiff opposes summary judgment over her state law claims by making assertions,
26 unsupported by any declaration or affidavit, that she did not discover the disability
27 discrimination complained of until fall of 2004. *Id.*  The facts are undisputed that Plaintiff was
28

ORDER – 2

1  informed in writing, on April 9, 2004, that she would not be considered for rehire by Defendant
2  due to her Certification of Disability. Dkt. 12 at 5-6.  It is also undisputed that Plaintiff's
3  physician was informed in a letter dated May 11, 2004, in response to a letter sent by him dated
4  April 19, 2004, that Defendant would not be considered for rehire "based on multiple factors,
5  including a 'Certification of Disability' signed by you on February 3, 2003 (copy enclosed)." *Id.*
6  at 8.  Additionally, it is undisputed that Plaintiff filed a Complaint Questionnaire, dated July 4,
7  2004, with the Washington State Human Rights Commission. Dkt. 13 at 7.  Plaintiff, in her
8  Complaint to the Washington State Human Rights Commission dated October 22, 2004, also
9  made a sworn statement in which she claims that "In May of 2004, [Defendant] denied me one of
10 six open and available positions, because of my history of and current disability." Dkt. 6 at 4.

11         Generally, the statute of limitations begins to run on an action for disability
12 discrimination from the time that the allegedly discriminatory decision is communicated to the
13 employee. *Milligan,* 90 Wn. App. at 592-593; *Hinman v. Yakima Sch. Dist.*, 69 Wn. App. 445,
14 449-450 (1993), *rev. denied*, 125 Wn.2d 1010 (1994); *Albright v. State,* 65 Wn. App. 763, 767
15 (1992) (*citing Delaware State College v. Ricks,* 449 U.S. 250, 259 (1980).  Plaintiff contends
16 that the discovery rule should apply in the instant matter. Dkt. 9 at 3.  Under the discovery rule
17 "an action accrues when the plaintiff discovers or reasonably should discover all essential
18 elements of a cause of action." *Douchette*, 117 Wn.2d at 813.  "The discovery rule does not
19 require knowledge of the existence of a legal cause of action itself, but merely knowledge of the
20 facts necessary to establish the elements of the claim." *Id.* at 814.  Under the undisputed facts of
21 this matter, the statute of limitations would have begun to run either when Plaintiff was notified
22 that she would not be hired in April 2004 or at the latest when Plaintiff filed her Complaint
23 Questionnaire in July 2004.  Plaintiff did not commence her lawsuit until September 20, 2007.
24 Dkt. 1.  Plaintiff therefore filed her state law claims against Defendant after the three-year statute
25 of limitations had run.

26         Plaintiff further contends that the Court should apply the doctrine of equitable tolling in
27 this matter. *Id.* at 4.

28

ORDER – 3

The equitable tolling doctrine has been applied by the Supreme Court in certain circumstances, but it has been applied sparingly; for example, the Supreme Court has allowed equitable tolling when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate.

*Scholar v. Pacific Bell,* 963 F.2d 264, 267-68 (9th Cir. 1992). "Relief from strict construction of a statute of limitations is readily available in extreme cases." *Id.* at 267. Plaintiff alleges that the facts present in the instant matter that would allow the Court to apply the doctrine of equitable tolling are that no one explicitly told Plaintiff that Defendant "was not going to re-hire her due to her disability." Dkt. 9 at 4. This assertion contained in Plaintiff's response to the motion and unsupported by any evidence or declaration falls well short of a showing that Plaintiff was tricked into letting a deadline expire. Even if this assertion was supported by evidence, the Court finds that there are no facts present that would warrant a finding that the instant matter fits into the category of extreme cases where the doctrine of equitable tolling should apply.

### III. ORDER

Therefore, it is **ORDERED** that Defendant's Motion for Summary Judgment on Plaintiff's State Law Claims (Dkt. 5) is hereby **GRANTED**, as Plaintiff's state law claims are time barred.

DATED this 11th day of January, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER – 4